UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL BARKARRI FOSTER,
    Plaintiff,

v.

SPROUSE,
    Defendant.

Case No. 21-cv-02956-WHO (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND;**

**ORDER DENYING MOTION FOR COUNSEL;**

**INSTRUCTIONS TO CLERK**

Dkt. No. 10

## INTRODUCTION

Plaintiff Michael Barkarri Foster alleges Pelican Bay prison guard Sprouse threatened his life in 2020. (Foster is now housed at CSP-Sacramento.) His 42 U.S.C. § 1983 complaint containing these allegations is now before the Court for review pursuant to 28 U.S.C. § 1915A(a).

A death threat may be actionable under § 1983, and with more of the facts concerning what occurred (what words were used, in what context), Foster may well be able to state a claim. But at the moment, the complaint lacks sufficient detail to state a claim. I will give Foster leave to amend his complaint to add those facts. He shall file an amended complaint on or before **November 1, 2021**.

As currently alleged, CDCR is not a proper defendant. Sprouse is. The Clerk shall terminate the CDCR as a defendant and enter Sprouse as the sole defendant in this action.

## STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

Foster alleges that "[a]round 2-27-2020 and 2-28-2020, (C.O[.] Sprouse) threatened my life, and I fear that he will follow through with it." (Compl., Dkt. No. 1 at 3.)

Generally speaking, neither disrespectful, insulting, and vulgar language, nor verbal harassment, are actionable under section 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997). But verbal harassment intended to humiliate or endanger an inmate may violate the Constitution. A cognizable claim for verbal harassment may succeed if the offending comments were "gross even for a prison setting and were calculated to and did cause [plaintiff] psychological damage." *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998); *cf. Burton v. Livingston*, 791 F.2d 97, 100 (8th Cir. 1986) (finding Eighth Amendment claim under the alleged extreme circumstance that a correctional officer "pointed a lethal weapon at the prisoner, cocked it, and threatened him with instant death . . . immediately after the prisoner had given

testimony against another guard in a § 1983 action . . . [and] [t]he death threat was accompanied by racial epithets which strongly suggest that the prisoner would have been treated differently had he not been black").

Foster's claims require further factual elaboration, such as the actual words that were spoken and in what context. Without knowing that, I cannot determine whether they were "gross even for a prison setting and were calculated to and did cause [plaintiff] psychological damage." *Keenan*, 83 F.3d 1083 at 1092. Accordingly, the complaint is DISMISSED with leave to file an amended complaint on or before November 1, 2021.

## MOTION FOR THE APPOINTMENT OF COUNSEL

Foster moves for the appointment of counsel. (Dkt. No. 10.) The decision to request counsel to represent an indigent litigant under 28 U.S.C. § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

In the Ninth Circuit, roughly one-third of new civil litigants in district court are not represented by counsel. United States Courts for the Ninth Circuit, 2017 Annual Report, https://www.ca9.uscourts.gov/judicial_council/publications/AnnualReport2017.pdf. Most, but by no means all, of these litigants are incarcerated. There is no doubt that not having a lawyer puts a party at a disadvantage in our adversarial system of justice, and the high percentage of civil litigants who cannot afford one threatens our ability to dispense equal justice to rich and poor alike, as the judicial oath demands. That said, I am compelled to follow controlling precedent and determine if "exceptional circumstances" exist to appoint

counsel in the cases before me.

Foster has not shown that exceptional circumstances exist. His filings are clear, and the suit does not present complex legal issues. Accordingly, Foster's motion for the appointment of counsel is DENIED. I will reconsider the necessity of appointing counsel if circumstances warrant such action at a later date.

## CONCLUSION

The complaint is DISMISSED with leave to file an amended complaint on or before **November 1, 2021.** The amended complaint must include the caption and civil case number used in this order (21-02956 WHO (PR)) and the words FIRST AMENDED COMPLAINT on the first page. <u>The amended complaint must also appear on this Court's form.</u> Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the prior complaint by reference.

Failure to file an amended complaint in accordance with this order will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

The Clerk shall terminate the CDCR as a defendant and enter Sprouse as the sole defendant in this action. The Clerk also shall terminate Dkt. No. 10.

**IT IS SO ORDERED.**

**Dated:** September 17, 2021



WILLIAM H. ORRICK
United States District Judge