UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BARKARRI FOSTER,<br>　　　　Plaintiff,<br>　　v.<br>SPROUSE,<br>　　　　Defendant. | Case No. 21-cv-02956-WHO (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff Michael Barkarri Foster alleges that Pelican Bay prison guard Sprouse threatened his life in 2020. His initial complaint lacked the necessary detail, such as what words were allegedly used and in what context, that could make it actionable under 42 U.S.C. § 1983. He amended the complaint and provided greater detail, showing that Sprouse acted threateningly and inappropriately, but the allegations are insufficient to state a claim under § 1983. Accordingly, this federal civil rights action is DISMISSED.

## STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

1   A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

In the original complaint, Foster alleged that at Pelican Bay State Prison "[a]round 2-27-2020 and 2-28-2020, (C.O[.] Sprouse) threatened my life, and I fear that he will follow through with it." (Compl., Dkt. No. 1 at 3.)

In the amended complaint, Foster alleges Sprouse was irritated with him because Foster "would not pull my state[-]issued pants up to how he see[]s fit." (Am. Compl., Dkt. No. 16 at 3.) Foster alleges Sprouse shouted "that he's been working here at this prison for 30 years[] [and] he will bury me out here." (*Id.* at 2.) Another prison guard, Sergeant Guess, told Foster to "take it home" and write a grievance, and that he would do the same. (*Id.* at 3.) Foster alleges Sprouse then walked to within a foot of him and again "aggressively" said, "Turn around while I'm talking to you. I've been working here for 30 years, I will bury yo[ur] ass out here." (*Id.*) Guess said to Sprouse, "[D]on't tell the next man you'll bury his ass out here." (*Id.*) Sprouse then "put his finger" in Guess's face and said, "[D]on't you inter[r]upt me while I['m] talking to a[n] inmate." (*Id.*) Guess walked away, but Sprouse followed him and continued to put his finger in Guess's face. (*Id.*)

2

Foster alleges that since that day he was punched twice by unnamed correctional officers, stabbed twice (on the same day) by unnamed staff, and threatened many times by "others." (*Id.*)

Generally speaking, neither disrespectful, insulting, and vulgar language, nor verbal harassment, are actionable under section 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997). However, verbal harassment intended to humiliate or endanger an inmate may, on the other hand, violate the Constitution. A cognizable claim for verbal harassment may succeed if the offending comments were "gross even for a prison setting and were calculated to and did cause [plaintiff] psychological damage." *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998); *cf. Burton v. Livingston*, 791 F.2d 97, 100 (8th Cir. 1986) (finding Eighth Amendment claim under the alleged extreme circumstance that a correctional officer "pointed a lethal weapon at the prisoner, cocked it, and threatened him with instant death . . . immediately after the prisoner had given testimony against another guard in a § 1983 action . . . [and] [t]he death threat was accompanied by racial epithets which strongly suggest that the prisoner would have been treated differently had he not been black").

Sprouse's alleged statements do not rise to the level of being "gross even for a prison setting." While aggressive and obviously inappropriate, they do not pose the sort of extreme circumstances that constitute a violation of the Eighth Amendment. As the Ninth Circuit held in *Keenan*, "disrespectful and assaultive comments" were not sufficient to state a claim for relief. 83 F.3d at 1092.

Only extreme circumstances will constitute an Eighth Amendment violation. For example, in *Burton*, an Eighth Amendment claim was stated on allegations that a correctional officer "pointed a lethal weapon at the prisoner, cocked it, and threatened him with instant death . . . immediately after the prisoner had given testimony against another guard in a § 1983 action . . . [and] [t]he death threat was accompanied by racial epithets which strongly suggest that the prisoner would have been treated differently had he not been black." 791 F.2d at 100. Nothing close to that happened here.

Foster also indicates that at some point after the incident, he was punched, stabbed and threatened by other staff members. He does not link that conduct to Sprouse or anything related to the incident. Indeed, he indicates that an apparently superior officer (Sergeant Guess) intervened and Sprouse then directed his ire at Guess rather than Foster. Because Foster's allegations are insufficient, this federal civil rights action will be dismissed.

## CONCLUSION

This federal civil rights action is DISMISSED for failure to state a claim for relief. The Clerk shall enter judgment in favor of defendant, and close the file.

**IT IS SO ORDERED.**

**Dated:** April 6, 2022

WILLIAM H. ORRICK
United States District Judge